UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x

JANBAZ KHAN,

Plaintiff,

-against-

CITY OF NEW YORK, OFFICER TIMOTHY TROTTER
(N.Y.P.D.) SHIELD #18501, OFFICER FRANK DANOY
(N.Y.P.D.) SHIELD #20242, and OFFICERS JOHN DOE
#1-10,

Defendants.

---------------------------------------------------------------------- x

**ANSWER TO THE
COMPLAINT ON BEHALF
OF DEFENDANTS CITY OF
NEW YORK, OFFICER
TROTTER, AND OFFICER
DANOY**

**JURY TRIAL DEMANDED**

19 Civ. 104 (JGK)

Defendants City of New York, Officer Timothy Trotter, and Officer Frank Danoy
(hereinafter "Defendants") by their attorney, Zachary W. Carter, Corporation Counsel of the City
of New York, as and for an answer to Plaintiff's Complaint dated January 4, 2019 (the
"Complaint"), respectfully alleges, upon information and belief, as follows:

1.      Deny the allegations set forth in paragraph "1" of the Complaint, except
admit that Plaintiff purports to proceed as stated therein.  Defendants further deny knowledge or
information sufficient to form a belief as to the truth of the allegations that plaintiff is a Pakistani-
born citizen of the United States, husband, father of seven, or a successful businessman with no
prior criminal or arrest record.

2.      Deny the allegations set forth in paragraph "2" of the Complaint, except
admit that plaintiff was arrested on January 21, 2016.

3.      Deny knowledge or information sufficient to form a belief as to the truth
of the allegations set forth in in paragraph "3" of the Complaint, except admit that plaintiff was
found not guilty of the crimes stemming from his January 21, 2016 arrest.

4.      Deny the allegations set forth in paragraph "4" of the Complaint.

5.      Deny the allegations set forth in paragraph "5" of the Complaint, and respectfully refer the Court to the report identified by Plaintiff for a full and accurate recitation of its contents.

6.      Deny the allegations set forth in paragraph "6" of the Complaint, and respectfully refer the Court to the report identified by Plaintiff for a full and accurate recitation of its contents.

7.      Deny the allegations set forth in paragraph "7" of the Complaint.

8.      Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the victim of Plaintiff's crime wrote a statement in Officer Trotter's memobook directly after the incident on January 21, 2016.

9.      Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the victim of plaintiff's crime wrote that plaintiff was "pressing up against [her]" and was "inappropriately close" in Officer Trotter's memobook directly after the incident on January 21, 2016.

10.     Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

11.     Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

13.     Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

14.     Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

15.     Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiff purports to base venue as stated therein.

16.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint, except admit, upon information and believe, that Plaintiff was 55 years old when he was arrested on January 21, 2016.

18.     Deny the allegations set forth in paragraph "18" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

19.     Deny the allegations set forth in paragraph "19" of the Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and the New York City Police Department.

20.     Deny the allegations set forth in paragraph "20" of the Complaint, except admit that Officer Trotter and Officer Danoy are employed by the City of New York as members of the NYPD, and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to unidentified defendants.

21.     Deny the allegations set forth in paragraph "21" of the Complaint, except admit that Officer Trotter and Officer Danoy were employed by the City of New York as members of the NYPD in the Transit Manhattan Task Force on January 21, 2016. Defendants

further deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to unidentified defendants.

22.      Deny the allegations set forth in paragraph "22" of the Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between Defendant City and the New York City Police Department. Defendants further deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to a non-suable entity that is not a party to this suit.

23.      Deny the allegations set forth in paragraph "23" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

24.      Deny the allegations set forth in paragraph "24" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

25.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28.      Deny the allegations set forth in paragraph "28" of the Complaint.

29.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30.      Deny the allegations set forth in paragraph "30" of the Complaint.

31.      Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, except admit, upon information and belief, that plaintiff was arrested at approximately 6:45 p.m. on the northeast corner of 7th Avenue and 42nd Street.

34.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, except admit, upon information and belief, that plaintiff was arrested at approximately 6:45 p.m. on the northeast corner of 7th Avenue and 42nd Street.  Defendants further admit that Officer Danoy placed Plaintiff in handcuffs on January 21, 2016.

35.     Deny the allegations set forth in paragraph "35" of the Complaint, except admit, upon information and belief, that plaintiff on January 22, 2016 plaintiff was charged with Forcible Touching P.L. § 130.52(1), Forcible Touching P.L. § 130.52(2), and Sexual Abuse in the Third Degree P.L. § 130.55.

36.     Deny the allegations set forth in paragraph "36" of the Complaint,[1] except admit that Officer Trotter has been employed by the City of New York as members of the NYPD since January 2012, and further admit that Officer Trotter was working in the NYPD Transit Manhattan Task Force on January 21, 2016.

37.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

---

[1] Defendants note that Plaintiff bases paragraphs numbers 36-53 off of Officer Trotter's testimony from plaintiff's criminal trial.  To date, defendants do not have this transcript, and therefore, must deny knowledge or information sufficient to form a belief as to the truth of the allegations for most of these paragraphs.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, except admit that Officer Trotter and Officer Danoy were employed by the City of New York as members of the NYPD in the Transit Manhattan Task Force on January 21, 2016.  Defendants further state, upon information and belief, that Officer Trotter and Officer Danoy were working together in plain clothes on January 21, 2016.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint, except admit, upon information and belief, that Officers Trotter and Danoy boarded the subway-car after Plaintiff.

46.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint.

51.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint, except admit that the victim of plaintiff's crime wrote that plaintiff was "pressing up against [her]" and was "inappropriately close" in Officer Trotter's memobook directly after the incident on January 21, 2016.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, except admit, upon information and belief, that Officer Danoy placed Plaintiff in handcuffs on January 21, 2016.

54.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.[2]

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

_____

[2] Defendants note that Plaintiff bases paragraphs numbers 54-71 off of the victim's testimony from plaintiff's criminal trial.  To date, defendants do not have this transcript, and therefore, must deny knowledge or information sufficient to form a belief as to the truth of the allegations for most of these paragraphs.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the Complaint.

60.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the Complaint, except admit that the victim of plaintiff's crime wrote that plaintiff was "pressing up against [her]" and was "inappropriately close" in Officer Trotter's memobook directly after the incident on January 21, 2016.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint, except admit, upon information and belief, that the victim did not identify Plaintiff at his criminal trial.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68.     Deny the allegations set forth in paragraph "68" of the Complaint.

69.     Deny the allegations set forth in paragraph "69" of the Complaint.

70.     Deny the allegations set forth in paragraph "70" of the Complaint.

71.     Deny the allegations set forth in paragraph "71" of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint, respectfully refers the Court to the "certified records" cited by Plaintiff for a full and accurate recitation of its contents.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "73" of the Complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint, and respectfully refers the Court to the "certified records" cited by Plaintiff for a full and accurate recitation of its contents.

75.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

76.     Deny the allegations set forth in paragraph "76" of the Complaint, except admit that Plaintiff was not arrested until after the victim wrote a statement in Officer Trotter's memobook.

77.     Deny the allegations set forth in paragraph "77" of the Complaint.

78.     Deny the allegations set forth in paragraph "78" of the Complaint.

79.     Deny the allegations set forth in paragraph "79" of the Complaint, except admit, upon information and belief, that plaintiff was found not guilty of the crimes stemming from his January 21, 2016 arrest.

80.     Deny the allegations set forth in paragraph "80" of the Complaint, except admit, upon information and belief, that plaintiff was found not guilty of the crimes stemming from his January 21, 2016 arrest.

81.     Deny the allegations set forth in paragraph "81" of the Complaint.

82.     In response to the allegations set forth in paragraph "82" of the Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

83.     The allegations set forth in paragraph "83" of the Complaint are legal conclusions to which no response is required.

84.     Deny the allegations set forth in paragraph "84" of the Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Complaint.

86.     Deny the allegations set forth in paragraph "86" of the Complaint.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     In response to the allegations set forth in paragraph "88" of the Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

89.     The allegations set forth in paragraph "89" of the Complaint are legal conclusions to which no response is required.

90.     Deny the allegations set forth in paragraph "90" of the Complaint.

91.     Deny the allegations set forth in paragraph "91" of the Complaint.

92.     Deny the allegations set forth in paragraph "92" of the Complaint, except admit that plaintiff was found not guilty of the crimes stemming from his January 21, 2016 arrest.

93.     Deny the allegations set forth in paragraph "93" of the Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     In response to the allegations set forth in paragraph "96" of the Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

97.     Deny the allegations set forth in paragraph "97" of the Complaint.

98.     Deny the allegations set forth in paragraph "98" of the Complaint.

99.     Deny the allegations set forth in paragraph "99" of the Complaint.

100.    Deny the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations set forth in paragraph "101" of the Complaint.

102.    Deny the allegations set forth in paragraph "102" of the Complaint.

103.    In response to the allegations set forth in paragraph "103" of the Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

104.    The allegations set forth in paragraph "104" of the Complaint are legal conclusions to which no response is required.

105.    Deny the allegations set forth in paragraph "105" of the Complaint.

106.    The allegations set forth in paragraph "106" of the Complaint are legal conclusions to which no response is required.

107.    Deny the allegations set forth in paragraph "107" of the Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Complaint.

110.    In response to the allegations set forth in paragraph "110" of the Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

111.    Deny the allegations set forth in paragraph "111," and all subparts of paragraph "111," of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint.

114.    Deny the allegations set forth in paragraph "114" of the Complaint.

115.    In response to the allegations set forth in paragraph "115" of the Complaint, Defendants repeat and re-allege the responses set forth in the preceding paragraphs of this Answer, as if fully set forth herein.

116.    Deny the allegations set forth in paragraph "116" of the Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Complaint.

118.    Deny the allegations set forth in paragraph "118" of the Complaint.

119.    Deny the allegations set forth in paragraph "119" of the Complaint, and respectfully refer the Court to the case identified by Plaintiff for a full and accurate recitation of its contents.  Defendants further deny knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff is a Pakistani-born citizen of the United States.

120.    Deny the allegations set forth in paragraph "120" of the Complaint, and respectfully refer the Court to the court case and report identified by Plaintiff for a full and accurate recitation of their contents.

121.     Deny the allegations set forth in paragraph "121" of the Complaint, and respectfully refer the Court to the website identified by Plaintiff for a full and accurate recitation of its contents.

122.     Deny the allegations set forth in paragraph "122" of the Complaint, and respectfully refer the Court to the court case identified by Plaintiff for a full and accurate recitation of its contents.

123.     Deny the allegations set forth in paragraph "123" of the Complaint, and respectfully refer the Court to the news article identified by Plaintiff for a full and accurate recitation of its contents.

124.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "124" of the Complaint.

125.     Deny the allegations set forth in paragraph "125" of the Complaint, and respectfully refer the Court to the news article identified by Plaintiff for a full and accurate recitation of its contents.

126.     Deny the allegations set forth in paragraph "126" of the Complaint, and respectfully refer the Court to the news article identified by Plaintiff for a full and accurate recitation of its contents.

127.     Deny the allegations set forth in paragraph "127" of the Complaint.

128.     Deny the allegations set forth in paragraph "128" of the Complaint.

129.     Deny the allegations set forth in paragraph "129" of the Complaint.

130.     Deny the allegations set forth in paragraph "130" of the Complaint.

131.     Deny the allegations set forth in paragraph "131" of the Complaint.

132. Deny the allegations set forth in paragraph "132" of the Complaint, except admit that Plaintiff purports seek punitive damages as stated therein.

133. Deny the allegations set forth in paragraph "133" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

134. Deny the allegations set forth in paragraph entitled "Prayer for Relief" including all subparts set forth therein.

<u>**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**</u>

135. The Complaint fails to state a claim upon which relief can be granted.

<u>**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**</u>

136. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the States of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

<u>**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**</u>

137. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct or the culpable and negligent conduct of third parties and was not the proximate result of any act of Defendants.

<u>**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**</u>

138. At all times relevant to the acts alleged in the Complaint, Defendants Trotter and Danoy acted reasonably and properly in the lawful exercise of her discretion and/or judgmental decisions, and are therefore entitled to qualified immunity.

<u>**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**</u>

139. There was probable cause for plaintiff's arrest, detention, and prosecution.

<u>**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**</u>

140.    Punitive damages cannot be assessed against Defendant City of New York.

**<u>AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:</u>**

141.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, Defendant City is entitled to governmental immunity from liability.

**WHEREFORE,** Defendants City of New York, Timothy Trotter, and Frank Danoy request judgment dismissing the Complaint in its entirety with prejudice, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:        New York, New York
              April 26, 2019

                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants City of New York, Trotter,*
                              *and Danoy*
                              100 Church Street, Room 3-150
                              New York, New York 10007
                              (212) 356-0822

                              By:         /s/
                                 _____
                                 Daron R. Ravenborg
                                 *Assistant Corporation Counsel*
                                 Special Federal Litigation Division

Cc:     **<u>BY EFC</u>**
        Andrew L. Hoffman
        261 Madison Avenue, 12th Floor
        New York, NY 10016