UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x

JANBAZ KHAN,

                            Plaintiff,

       -against-

CITY OF NEW YORK, OFFICER
TIMOTHY TROTTER (N.Y.P.D.) SHIELD
#18501, OFFICER FRANK DANOY
(N.Y.P.D.) SHIELD #20242, and
OFFICERS JOHN DOE #1-10,

                            Defendants.

------------------------------------------------------- x

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

19 Civ. 104 (JFK) (SN)

      **WHEREAS**, the Defendants intend to produce to Plaintiff certain documents and information pursuant to Rule 26 of the Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for public disclosure;

      **WHEREAS**, the Defendants will only produce these documents and information to Plaintiff if appropriate protection for confidentiality is assured; and

      **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for Plaintiff and Defendants as follows:

      1.    As used herein, "Action" shall mean the pending action between plaintiff and defendants captioned <u>Janbaz Khan v. City of New York, et al</u>, 19 Civ. 104 (JGK) (SN).

      2.    As used herein, without waiving any objections the parties might seek to interpose regarding production of these documents, "Confidential Materials" shall mean:

a. New York City Police Department ("NYPD") personnel and disciplinary-related records and information, if any;

b. Records of investigations regarding the conduct of members of the NYPD conducted by NYPD or other agencies, if any;

c. Other documents and information that may in good faith, during the pendency of this litigation, be designated "Confidential Materials" by defendants, Plaintiff, or the Court.

3. As used herein, "Producing Party" shall mean the party producing the Confidential Materials, and "Receiving Party" shall mean the party receiving the Confidential Materials.

4. Neither party shall use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation or settlement of claims or defenses in the Action.

5. Neither Party shall disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

a. Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

b. Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party or a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the party making the disclosures to these individuals shall provide each such person with a copy of this Stipulation and Order of Confidentiality, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense, or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the Action. The party making such disclosure shall retain the signed consent and furnish a copy to the opposing party upon request at a deposition or before trial, although the name of any expert not intended to be called as a trial witness may be redacted from such a consent before it is produced.

6. In order to designate documents or other material as "Confidential" within the meaning of this Stipulation, the Producing Party may affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof, and/or may designate such documents by title, Bates number or other method reasonably calculated to give the receiving party notice of the confidentiality designation, in a writing directed to the Receiving Party. The Producing Party may designate as "Confidential" any documents or material pursuant to this Order within a reasonable time after production of such documents or material.

7. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential.

8. Any party may designate deposition exhibits and deposition testimony as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, and can request the court reporter/stenographer separately bind the designated testimony in a separate volume and with a cover page prominently marked "Confidential Information Governed by Confidentiality Stipulation and Protective Order;" or (b) notifying the court reporter/stenographer and Plaintiff or all attorneys of record, in writing, within 30 days after a deposition transcript has been received (during which time the entire deposition will be considered "Confidential"), of the specific pages and lines of the transcript that are to be designated "Confidential," in which event the parties will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by Plaintiff or the attorneys for the respective parties.

9. If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to Producing Party, and the Producing party shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved among counsel, the objecting party shall, within 30 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

10. Any documents produced by a non-party pursuant to a subpoena in this Action and that are designated as Confidential Material by either party shall be governed by the terms of this Stipulation of Confidentiality and Protective Order.

11. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, is otherwise immune from discovery, shall not

constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

12. If any paper which incorporates any Confidential Materials or reveals the contents thereof is to be filed in this Court, the party seeking to file those portions of the papers shall apply to the Court to file them under seal, in accordance with the rules of the district court in which the Action is filed and/or the Individual Rules of the judge to whom the papers are directed.

13. If either party makes public representations, including to the press, the substance of which concerns, or is contained in, the Confidential Materials, the opposing party may move the Court, on an expedited basis, for relief.

14. This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the parties, or anyone receiving confidential documents pursuant to paragraph "5" herein.

15. Within 30 days after the termination of this Action, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom (other than the Court's copies of such materials), shall be

returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed; except that Plaintiff's attorney shall retain one copy of the Confidential Materials, and any Confidential Materials containing Plaintiff's attorney work product, to the extent required to comply with applicable law or regulation, so long as appropriate and reasonable safeguards (at least as stringent as those used to protect Plaintiff's own information of like nature) are imposed to prevent the use of the Confidential Materials for any other purpose. Confidential Materials which were uploaded to a database or review platform, including any backups, and which cannot reasonably be deleted, must be quarantined and secured to prohibit access to the Confidential Materials.

16. This Stipulation of Confidentiality and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

17. This Stipulation of Confidentiality and Protective Order may be signed and acknowledged in several counterparts, all of which taken together shall be deemed to constitute one original.

18. Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit Defendants' use of the Confidential Materials set forth in paragraph 2 (a), (b), (c), and (d) herein for any other purpose.

19. The Court will retain jurisdiction over all persons subject to this Stipulation of Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. The terms of this Stipulation of Confidentiality and Protective Order shall be binding upon all current and future parties to this Action and their counsel.

Dated: ___February 11___, 2020
       New York, New York

| | |
|---|---|
| ANDREW L. HOFFMAN<br>261 Madison Avenue<br>12th Floor<br>New York, NY 10016<br><br>By: _____<br>    ANDREW L. HOFFMAN | JAMES E. JOHNSON<br>Corporation Counsel of the<br> City of New York<br>*Attorney for Defendants*<br>100 Church Street<br>New York, New York 10007<br><br>By: _____<br>    CAROLYN K. DEPOIAN |

SO ORDERED:

_____
SARAH NETBURN
United States Magistrate Judge

Dated:   February 12, 2020
           New York, New York