USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JANBAZ KHAN,

                                 **Plaintiff,**

         -against-

**CITY OF NEW YORK, et al.,**

                                 **Defendants.**

-----------------------------------------------------------------X

**19-CV-00104 (JGK)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge**:

      Defendants move for a stay of Monell discovery pending the resolution of their forthcoming motion for summary judgment. ECF No. 56 (Defs.' Mot.). Plaintiff opposes the motion for a stay. See ECF No. 58 ("Pl.'s Opp."). For the reasons below, Defendants' motion is DENIED.

      Rule 26(c) provides a court discretion to stay discovery "for good cause." Fed. R. Civ. P. 26(c); Anthracite Capital BOFA Funding, LLC v. Knutson, No. 09-CV-1603 (LTS) (KNF), 2009 WL 4496050, at *2 (S.D.N.Y. Dec. 3, 2009). "Factors relevant to a court's determination of 'good cause' include: the pendency of dispositive motions, potential prejudice to the party opposing the stay, the breadth of discovery sought, and the burden that would be imposed on the parties responding to the proposed discovery." Anthracite, 2009 WL 4496050, at *2 (quoting Ellington Credit Fund, Ltd. v. Select Portfolio Services, Inc., No. 08-CV-2437, 2009 WL 274483, *1 (S.D.N.Y. Feb. 3, 2009)) (internal quotation marks omitted). These factors weigh against a stay in this case.

First, even where a dispositive motion is filed, "the issuance of a stay is by no means automatic." Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (internal citation and quotation marks omitted). In this case, Defendants have not yet filed a motion for summary judgment. It is unclear when such motion will be filed, if at all. Accordingly, there is no dispositive motion pending. Second, it would be prejudicial to Plaintiff to stay Monell discovery based on a non-existing motion. See Mirra v. Jordan, No. 15-CV-4100 (AT) (KNF), 2015 WL 6202339, at *1 (S.D.N.Y. Oct. 16, 2015). It is impossible for the Court to assess whether the as yet unfiled motion would be meritorious. Id. Indeed, Defendants have not even described the arguments they plan to make in the forthcoming motion. Moreover, Plaintiff would be further prejudiced as he has already invested time and resources in effecting Monell discovery, including by taking the deposition of policy witness Inspector Thomas Ponella. See Pl.'s Opp. 2-3. Third, Defendants do not dispute the breadth of the requested discovery. Monell discovery is underway and Defendants report that the relevant documents have already been collected. Finally, on Defendants' motion, the Court has already extended the discovery deadline in this case. See ECF No. 55. The estimated cost and "considerable time and effort" that Defendants may expend reviewing and producing a subset of the documents they have already collected, see Def.'s Mot. 2, is not a burden justifying a stay.

Accordingly, Defendants' motion for a stay of discovery is DENIED without prejudice. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 56.

**SO ORDERED**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   June 9, 2020
         New York, New York